UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RENEE SHIZUE RAMOS,<br><br>Defendant. | Case No. 20-cv-01607-HSG<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 2 |

Plaintiff Breckenridge Property Fund2016, LLC filed an unlawful detainer action against Defendant Renee Shizue Ramos on October 8, 2019, in Alameda County Superior Court. *See* Dkt. No. 1 at ECF 11–15. On March 04, 2020, Defendant removed the case to this Court, invoking federal question jurisdiction based on the "constitutional provisions of due process before dispossession of the sale" and the "equitable right of redemption doctrine." *See* Dkt. No. 1 at ¶ 4. Because Plaintiff's complaint does not present a federal question, the Court *sua sponte* **REMANDS** the action to state court for lack of subject matter jurisdiction.

**I.  LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For removal to be proper, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989). The

removal statute is also strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. DISCUSSION

A review of the state court complaint in this case shows that Plaintiff alleges a single claim for unlawful detainer premised solely on California law. *See* No. 1 at ECF 11–15. In her notice of removal, however, Defendant contends that Plaintiff's complaint "disguised a central constitutional issue." *See* Dkt. No. 1 at ¶ 4. Even if Defendant were protected by some constitutional provision, however, it is well-settled that anticipated defenses or counterclaims cannot establish a federal question because they do not appear on the face of the well-pleaded complaint. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . ."); *see also Ajello v. Farnung*, No. 19-CV-06994-HSG, Dkt. No. 8 (N.D. Cal. Nov. 12, 2019); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."). The Court finds that no federal question is present on the face of the complaint, and that it thus does not have subject matter jurisdiction over this action.

## III. CONCLUSION

The Court accordingly **REMANDS** the action to Alameda County Superior Court. Defendant's *in forma pauperis* application, *see* Dkt. No. 2, is **DENIED** as moot. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 3/9/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge